**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **L. C. HALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **TRISUN, f/k/a HCR Manor Care,** | § | **SA-05-CA-0984 OG (NN)** |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   Hon. Orlando Garcia**
**United States District Judge**

**I. Introduction**

The matter before the Court is the motion to dismiss brought by defendant Manor Care, Inc., f/k/a HCR Manor Care, Inc.[1] (Docket Entry 18).  By this motion, defendant seeks dismissal of plaintiff L.C. Hall's negligence claim pursuant to Texas Civil Practice and Remedies Code § 74.351.  Defendant asserts that plaintiff failed to serve an expert report before the deadline as required by the Texas statute.  Consequently, the Court should dismiss the case with prejudice. Having considered defendant's motion,[2] plaintiff's complaint,[3] other documents, and relevant case

---

[1] Defendant states that plaintiff improperly identifies it as "Trisun formerly H.C.R Care" and "H.C.R Manor Care" in the Summons and Complaint, and informs that it is properly identified as Manor Care, Inc., f/k/a HCR Manor Care, Inc.  Docket Entry 4 at 1.

[2] Docket Entry 18.

[3] Docket Entry 9.

1

authority, I recommend that defendant's motion to dismiss be **<u>DENIED</u>** for the reasons set forth

below.

      I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C.

§ 636(b) and the District Court's Order referring all pretrial matters in this proceeding to me for

disposition by order, or to aid in their disposition by recommendation where my authority as a

Magistrate Judge is statutorily constrained.[4]

## II. <u>Procedural History</u>

      On October 5, 2005, plaintiff commenced this proceeding by filing his original federal

court complaint pro se, alleging that defendant was negligent in its care of his now deceased  wife,

Dorothy Hall.[5]  Plaintiff subsequently filed a motion for the appointment of counsel,[6] which I

denied by Order entered on November 16, 2005.[7]  Defendant filed a motion for more definite

statement pursuant to Federal Rule of Civil Procedure 12(c) on October 31, 2005.[8]  On

November 16, 2005, I issued an order granting the motion for more definite statement and

directing plaintiff to plead his claims with more particularity to include (1) the grounds for the

Court's jurisdiction, (2) a short and plain statement of the claim showing that plaintiff was entitled

to relief, and (3) a demand for judgment for the relief using the form provided by the Court to

---

[4] Docket Entry 5.

[5] Docket Entry 1.

[6] Docket Entry 6.

[7] Docket Entry 8.

[8] Docket Entry 4.

assist plaintiff.[9]   Plaintiff amended his complaint on November 30, 2005.[10]

Defendant answered the complaint and filed a second motion for more definite statement on December 19, 2005.[11]   Defendant contended that plaintiff's amended complaint continued to be vague and ambiguous.  I denied the motion for more definite statement on January 5, 2006, finding that plaintiff's complaint satisfied Rule 8, Federal Rules of Civil Procedure, and the simplified standard of notice pleading set forth therein.[12]   On February 8, 2006, defendant filed the instant motion to dismiss pursuant to Texas Civil Practice and Remedies Code § 74.351.

### III. Statement of the Case

Following treating for pneumonia at North Central Baptist Hospital, plaintiff's spouse, Dorothy R. Hall, was transferred to the care of defendant's nursing home facility for rehabilitation and therapy.  Mrs. Hall convalesced at the nursing home from October 3 through November 18, 2003.[13]   Sometime during the night or early morning of November 17-18, 2003, while under the care and supervision of defendant's staff, Mrs. Hall fell, causing her hip to fracture.  Plaintiff alleges that defendant's staff left his spouse in pain on the floor of the nursing home facility from 2:00 to 4:00 a.m.  He states that although defendant's staff contacted him between 3:00 and 4:00, he was instructed not to go to the facility at that time and that an X-ray would be taken of Mrs.

---

[9] Docket Entry 7.

[10] Docket Entry 9.  Plaintiff failed to properly serve the amended complaint on defendant, prompting defendant to file a "Notice to Court of Plaintiff's Failure to Comply with Order and Motion to Strike Plaintiff's Pleadings and Dismiss Plaintiff's Claims."  Docket Entry 10.  I denied defendant's motions and reminded plaintiff of his obligation to serve documents on defendant.  Docket Entry 12.

[11] Docket Entries 13, 14.

[12] Docket Entries 15.

[13] Docket Entry 9.

Hall.  According to plaintiff, he arrived at the nursing home between 8:00 and 9:00 a.m. and insisted that his wife have X-rays taken of her hip.  The X-rays revealed the broken hip, and Mrs. Hall was transferred to Southwest Methodist Hospital for surgery.[14]

Mrs. Hall also developed an ulcer on her right heel. Plaintiff alleges that the ulcer formed while Mrs. Hall was residing at defendant's nursing home facility and resulted from the improper care she received as a patient there.[15]

Defendant admits that Mrs. Hall was under its care at the relevant time, but it denies any acts or omissions that would constitute negligence in the care and treatment of Dorothy Hall.[16] Defendant also denies that the ulcer developed under its care.[17]

## IV. <u>Issue Presented</u>

Is a federal court required to apply the expert witness report provisions of Texas Civil Practice and Remedies Code § 74.351 and dismiss a health care liability claim where the plaintiff has failed to serve expert reports within the time provided by the state statute?

## V. <u>Analysis</u>

Defendant contends that plaintiff has failed to provide expert reports within 120 days after filing his original complaint as required by Texas Civil Practice and Remedies Code § 74.351. Relying on the Texas statute, defendant argues that plaintiff's failure to serve his expert report requires dismissal of the complaint, and an award of costs and attorney fees for defendant.

---

[14] **<u>Id.</u>**

[15] Docket Entry 9.

[16] Docket Entry 13.

[17] Docket Entry 13.

Plaintiff responds that he has been unable to submit an expert report because of defendant's failure to provide him copies of his wife's medical records.[18]  He also argues that section 74.351 in inapplicable to this case.

The Court's jurisdiction over plaintiff's state law tort claim is premised on the diversity of citizenship of the parties.  When a federal court has jurisdiction over a case as a result of the diversity of the parties' citizenship, that court is bound to utilize the federal rules of procedure for all procedural matters but to apply state law for all substantive issues.[19]  There is no dispute that the substantive law of Texas applies to plaintiff's negligence claim.

Texas Civil Practice and Remedies Code § 74.351(a) requires a plaintiff asserting a "health care liability claim" to serve on each party, within a 120 days after the claim was filed, "one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted."  The statute goes on to mandate dismissal with prejudice if the report is not timely served on the defendant health care provider.[20]

The Federal Rules of Civil Procedure set out a different procedure for the pretrial disclosure of expert opinions and potentially less severe consequences for failing to timely disclose expert reports.  Under the federal rules, a party must serve on other parties, a report for each witness who is retained or specially employed to provide expert testimony in the case, which

---

[18]Docket Entries 25 and 31.

[19] **See Erie v. Tompkins**, 304 U.S. 64 (1938).  **See also** Hittner, Schwarzer, Tashima & Wagstaffe, **Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial–5th Cir. Ed.** § § 2.421, 2.423 (The Rutter Group 2005).

[20] Tex. Civ. Prac. & Rem. Code § 74.351(b).

includes a statement of all opinions of that witness and the basis and reasons therefor.[21]   The

disclosure is to be made at the time and in the manner directed by the Court, and in the absence of

an order or agreement then no later than 90 days before the trial date.[22]  Importantly, the federal

rules empower the Court with discretion to impose sanctions for non-disclosure, including an

order prohibiting the use of the undisclosed expert evidence at trial.[23]  While dismissal is an

available sanction for the failure to timely disclose, it is not mandated.[24]

    Before the Court proceeds to determine whether the instant case should be dismissed, it

must first determine whether the section 74.351 of the Texas Civil Practice and Remedies Code

applies to diversity cases pending in federal courts.  In particular, does section 74.351 provide the

substantive law of Texas that is applicable in a diversity case, or is it a procedural provision that

conflicts with one or more of the Federal Rules of Civil Procedure?  If section 74.351 is not

applicable in federal court, then defendant's motion to dismiss premised on section 74.351 must

be denied.[25]

    Although often straightforward, determination of whether an issue is substantive or

procedural can be a "challenging endeavor" in diversity cases.[26]  Generally, discovery is a

procedural matter governed by the Federal Rules of Civil Procedure and not by state discovery

---

[21]F.R.Civ.P. 26(a)(2)(B).

[22]F.R.Civ.P. 26(a)(2)(C).  In this case the Scheduling Order specifically provided that plaintiff serve his
Rule 26(a)(2(B) expert witness disclosures by May 23, 2006.  Docket Entry 21.

[23]F.R.Civ.P. 37(c).

[24]F.R.Civ.P. 37(b)(2)(C).

[25] **Poindexter v. Bonsukan**, 145 F.Supp.2d 800, 803 (E.D. Tex. 2001).

[26]**Gasperini v. Center for Humanities, Inc.**, 518 U.S. 415, 426 (1996).

rules.[27]  "However, if the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision...."[28]  Courts are cautioned to interpret and apply the federal rules with "sensitivity to important state interests" so that the outcome of the litigation in the federal court is substantially the same as if determined in the state forum.[29]  Accordingly, if the state rule reflects an important interest and is not in conflict with federal procedural rules, the state rule should be applied.  However, when the state and federal rules of procedure collide and the federal rule "occupies the field of operation" (e.g. pretrial discovery practice), then the federal rule controls.[30]

In this case the federal rules conflict with the Texas statute with respect to the effect to be given to the failure to timely serve the expert witness disclosures.  Under the state statute, plaintiff was required to serve the report in February 2006 – and the failure to timely serve the report requires dismissal.  Under the federal rules and particularly the scheduling order entered in this case, the report was not due until May 2006 and the Court has discretion concerning sanctions for failure to supply the report.

Not surprisingly, other federal district courts in Texas have wrestled with the very issue before this Court.  In all but one of those cases the courts have concluded that application of the state statute would impermissibly impinge on the discretion conferred by the federal rules on the

---

[27]Wright & Miller, **Federal Practice & Procedure**, §2005.

[28]**Exxon Corp. v. Burglin**, 42 F.3d 948, 949 (1995).

[29]**Id.** at 427-8.

[30]**Burlington N.R.R. Co. v. Woods**, 480 U.S. 1, 4-5 (1987).

trial judge to address litigants' non-compliance with discovery responsibilities.[31] Accordingly, those courts have held that the federal discovery rules pre-empted application of the Texas statute and that the failure to supply an expert report within 120 days of the filing of the case did not mandate dismissal.

In contrast, Judge Cardone of the El Paso Division of the Western District, has held that the state rule represents "part of a comprehensive scheme governing plaintiff's substantive right in state court proceedings."[32]  Finding no "direct collision" of the state and federal expert disclosure rules,[33] the state statute was adopted as the rule of decision and the case before the court dismissed for failure to timely file the report.  Importantly, I have located no other relevant decisions which have adopted Judge Cardone's analysis.

Having reviewed the above authorities, I recommend the Court adopt the reasoning and conclusions of the majority of the courts which have addressed this issue and decline to apply the Texas statute to this diversity case.  Clearly, section 74.351 conflicts with the federal rules of procedure in important respects.  The state statute <u>mandates</u> dismissal for failure to timely serve an expert report.  In contrast, and consistent with the discretion conferred and flexibility allowed the trial court to manage pretrial matters, the federal rules allow the trial court discretion to craft sanctions short of dismissal should a party fail to timely serve their expert reports.   Additionally, the state statute imposes deadlines for expert disclosures which are inconsistent with those

---

[31]**Brown v. Brooks County Det.Ctr.**, 2005 WL 1515466 (S.D.Tex. 2005); **Garza v. Scott & White Memorial Hospital**, 234 F.R.D. 617 (W.D.Tex. 2005); **Nelson v. Myrick**, 2005 WL 723459 (N.D. Tex. 2005); **McDaniel v. United States**, 2004 WL 2616305 (W.D.Tex. 2004); **Poindexter v. Bonsukan**, 145 F.Supp.2d 800 (E.D.Tex. 2001).

[32]**Cruz v. Chang**, 400 F.Supp.2d 906 (W.D.Tex. 2005).

[33]**Id.** at 913.

contemplated by the federal rules and the scheduling orders routinely entered in federal tort litigation. Further, the state and federal rules differ as to the content of the expert reports.

Not only are the rules in conflict, but the Texas statute impinges – particularly with respect to the mandatory dismissal provision – on the broad powers enjoyed by the federal trial court pursuant to the federal rules to control the discovery process on a case by case basis. Notably, the likely purpose of the state rule – identification and deterrence of frivolous claims – is adequately addressed through other federal pretrial rules and practices such that application of the federal rules concerning expert disclosures will not frustrate important state interests.

For the reasons stated above, I recommend the Court hold that section 74.351 of the Texas Civil Practice and Remedies Code is inapplicable in this proceeding, and deny defendant's motion to dismiss insofar as it is premised on that statute.

## VI. Recommendation

It is therefore recommended that the motion to dismiss be **DENIED**.

## VII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. According to Title 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the District Court.

A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the District Court.[34]  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[35]

**SIGNED on June 23, 2006.**

**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] **Thomas v. Arn**, 474 U.S. 140, 149-152 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 339 (5th Cir. 2000).

[35] **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

10